UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAMARA M. HIRES,

    Plaintiff,

v.

CITY OF MISHAWAKA *et al.*,

    Defendants.

CAUSE NO. 3:22-CV-130 DRL-MGG

OPINION AND ORDER

Tamara Hires sues the City of Mishawaka, Mayor of Mishawaka Dave Wood, Mishawaka Police Chief Kenneth Witkowski, Jr., and Mishawaka Police Officers Aaron Lower and Garrett Baresel for violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 and state law claims of assault, battery, false arrest, false imprisonment, invasion of privacy, and malicious prosecution. The defendants collectively move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The court grants the motion in part.

BACKGROUND

The court assumes the well-pleaded facts as true for the purpose of this motion. As alleged, on February 2, 2020, Mishawaka Police Officers Aaron Lower and Garrett Baresel approached Tamara Hires in a Chase Bank parking lot without observing any criminal conduct. She says the officers arrested and detained her without legal cause. She wasn't informed of the charges against her. During her arrest, the law enforcement officers used excessive force that caused her injuries. She was detained until the following day when the prosecutor declined to bring charges against her.

Ms. Hires sued the City of Mishawaka, Mayor Dave Wood, Mishawaka Police Chief Kenneth Witkowski, Jr., and Mishawaka Police Officers Aaron Lower and Garrett Baresel in state court for ten claims: false arrest (federal), excessive force, malicious prosecution (federal), *Monell* liability, assault,

battery, false arrest (state), false imprisonment, invasion of privacy, and malicious prosecution (state). The defendants removed here and then moved to dismiss all claims. Ms. Hires didn't respond, so the court rules summarily. *See* N.D. Ind. L.R. 7-1(d)(5).

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

A. *Ms. Hires' § 1983 Claims for Excessive Force, False Arrest, and Malicious Prosecution Against Officers Lower and Baresel.*

Ms. Hires alleges that Officers Lower and Baresel violated her Fourth and Fourteenth Amendment rights by using of excessive force, falsely arresting her, and engaging in malicious prosecution. To bring a successful § 1983 claim, Ms. Hires must prove that a person acting under the color of state law violated a right, privilege, or immunity secured by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983; *Didonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). Officers Lower and Baresel argue that Ms. Hires doesn't state a claim for these alleged constitutional violations.

2

The court interprets Ms. Hires' complaint as alleging excessive force both during her arrest and detention. The Fourteenth Amendment covers pretrial detainees, *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), and the Fourth Amendment covers unreasonable methods of arrest and seizure of the person, *Lester v. City of Chi.*, 830 F.2d 706, 710 (7th Cir. 1987) (citation omitted); *see, e.g.*, *Taylor v. City of Milford*, 10 F.4th 800, 806-07 (7th Cir. 2021). To demonstrate constitutional violations, both require that the force was objectively unreasonable. *Taylor*, 10 F.4th at 806-07; *Mays*, 974 F.3d at 819 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).

Ms. Hires only offers conclusory statements and allegations to support her claims of excessive force against Officers Lower or Baresel. Her complaint doesn't adumbrate any facts upon which the court can infer a plausible claim. *See Iqbal*, 556 U.S. at 678. Only conclusory mentions of force can be found—namely the officers "used excessive force causing injuries to the Plaintiff" and "the force used against her was unreasonable and excessive" [ECF 6 ¶¶ 10,12]. She doesn't allege what the officers did or how they interacted with her to allow the court to infer this force was objectively unreasonable—namely excessive. Her complaint includes only unsupported conclusory statements that the court need not accept as true. *See McCauley*, 671 F.3d at 616-17.

To prevail on her Fourth Amendment claim for false arrest, Ms. Hires must allege that she was arrested without probable cause. *Farnik v. City of Chi.*, 1 F.4th 535, 545 (7th Cir. 2021); *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 899 n.9 (7th Cir. 2001) ("[A] claim for false arrest is a claim for the harm of being unlawfully imprisoned through some extrajudicial act that does not amount to legal process, for example, when a police officer performs a warrantless arrest without probable cause."). She alleges Officers Lower and Baresel approached her in the Chase Bank parking lot, observed no criminal conduct, and arrested her without legal cause. [ECF 6 ¶¶ 8-9, 11-12].

Officers Lower and Baresel contests Ms. Hires' use of the generic term "Officers" to describe certain conduct; however, she regularly uses both of their names to describe their alleged false arrest

3

of her. Under the liberal pleading standard and accepting all well-pleaded factual allegations as true, Ms. Hires has pleaded enough details of this false arrest claim to present a story that holds together. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (A "plaintiff must give enough details . . . to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen.").

She next alleges a malicious prosecution claim as a "federal constitution claim"—presumably under the Fourteenth Amendment. The officers argue this claim fails because Ms. Hires didn't allege improper conduct after the arrest. However, "federal courts are rarely the appropriate forum for malicious prosecution claims . . . because individuals do not have a federal right not to be summoned into court and prosecuted without probable cause." *Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013) (quotations and citation omitted). Federal malicious prosecution claims are thus analyzed "as alleging a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause" *Id.* (citing *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) ("[I]f a plaintiff can establish a violation of the [F]ourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution.'").

Here, Ms. Hires alleges she was approached "despite [the officers] observing no criminal conduct" and arrested without legal cause [ECF 6 ¶¶ 8-9, 11-12]. This is merely a claim for false arrest, a claim Ms. Hires already brings. Because her allegations refer to a warrantless arrest, "it cannot serve as the basis for a malicious prosecution action." *Serino*, 735 F.3d at 593-94. "Malicious prosecution provides a remedy for a deprivation of liberty *pursuant to legal process*, but when the arrest takes place without a warrant, the plaintiff only becomes subject to legal process afterward, at the time of arraignment." *Id.* (citations omitted). She contends no charges were brought against her. Her Fourth Amendment false arrest claim can't be recast as malicious prosecution, so her federal malicious

4

prosecution claim must be dismissed. Thus only her federal false arrest claim under the Fourth Amendment survives here.

   B. *Ms. Hires' § 1983 Claims for Excessive Force, False Arrest, and Malicious Prosecution against Chief Witkowski and Mayor Wood.*

Ms. Hires also alleges federal claims of excessive force, false arrest, and malicious prosecution against Chief Witkowski and Mayor Wood. They fail. "Individual liability pursuant to § 1983 'requires personal involvement in the alleged constitutional deprivation.'" *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) (quoting *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017)). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Colbert*, 851 F.3d at 657 (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)).

Ms. Hires' complaint does not include any factual allegations that show personal involvement by Chief Witkowski or Mayor Wood. The complaint includes only vague references to "actions and/or inactions" by Chief Witkowski relating to policy or practices of the Mishawaka Police Department, [ECF 6 at ¶ 19], but proves devoid of any conduct specific to these defendants. Ms. Hires hasn't alleged a causal connection between Chief Witkowski and Mayor Wood and the alleged constitutional violations plausibly stating personal involvement. Her claims of excessive force, false arrest, and malicious prosecution against Chief Witkowski and Mayor Wood must be dismissed.

   C. *Ms. Hires' Monell Claims.*

Ms. Hires attempts to hold the City of Mishawaka, Chief Witkowski, and Mayor Wood liable for the alleged misconduct of their officials through a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978). To state a valid *Monell* claim, a plaintiff must plausibly allege that the violation of her constitutional rights was cause by (1) an express municipal policy, (2) a widespread practice that amounted to a custom approaching the force of law, or (3) a person with final policymaking authority. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017); *see Monell*, 436 U.S. at 690. If no constitutional violation occurred in the first place, a *Monell* claim cannot be

5

supported, *see Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010), so the court need not dive further into Ms. Hires' *Monell* claim based on the officers' alleged excessive force. The court focuses on the *Monell* allegations only relating to her false arrest claim.

        1. *Official Capacity Claims Against Mayor Wood and Chief Witkowski.*

Mayor Wood and Chief Witkowski argue that the *Monell* claims against them, each in their official capacity, should be dismissed because *respondeat superior* liability cannot be maintained under § 1983. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. Accordingly, because the City of Mishawaka is a named defendant, the *Monell* claims against Mayor Wood and Chief Witkowski are duplicative and dismissed. *See, e.g.*, *Selmani v. Vill. of Bartlett*, 515 F.Supp.3d 882, 889 (N.D. Ill. 2021) (dismissed *Monell* claims against village police chief and village president, each in their official capacity, as redundant); *Terry v. Cnty. of Milwaukee*, 357 F.Supp.3d 732, 739 n.2 (E.D. Wis. 2019) (dismissed *Monell* claims against the acting sheriff in his official capacity as duplicative); *Thorncreek Apartments III, LLC v. Vill. of Park Forest*, 970 F.Supp.2d 828, 849 (N.D. Ill. 2013) (dismissed *Monell* claims against village officials in their official capacities as redundant).

        2. *Monell Claim Against the City of Mishawaka.*

Ms. Hires alleges her surviving claim for false arrest was caused by the actions or inactions of Chief Witkowski and a non-party, the Mishawaka Police Department—another way of pleading an action against the City of Mishawaka. Ms. Hires' *Monell* claim appears to rely on a widespread practice and failure-to-train theory of liability [ECF 6 ¶ 19 (Chief Witkowski "encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices and customs, and to the need for more or different training, supervision, investigation, or discipline . . .")].

A plaintiff may take an "alternative path to *Monell* liability" by alleging that the need for more or different training is "so obvious that the municipality's failure to act can reflect deliberate

6

indifference and allow an inference of institutional culpability, even in the absence of a similar prior constitutional violation." *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 380 (7th Cir. 2020) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). This is known as a failure-to-train theory of liability. *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021). Though the Supreme Court "did not absolutely foreclose the possibility that a plaintiff might succeed in proving a failure-to-train claim without showing a pattern of constitutional violations," a plaintiff relying on a failure-to-train theory must still eventually "provide enough evidence of custom and practice to permit an inference that the [municipal entity] has chosen an impermissible way of operating." *Calhoun v. Ramsey*, 408 F.3d 375, 381 (7th Cir. 2005).

Here, Ms. Hires' *Monell* claim for false arrest based on a widespread practice and failure-to-train is insufficient, even under the liberal pleading standards. She does not identify any specific policy, custom, or conduct that plausibly amounts to deliberate indifference by the City of Mishawaka towards Ms. Hires. Nor does she allege facts showing a pattern or custom of false arrests. *See Flores*, 997 F.3d at 733. Instead, Ms. Hires presents threadbare allegations against the City of Mishawaka for failure to train its police officers in "the proper exercise of police powers, including . . . making of an arrest." [ECF 6 ¶ 19]. Such allegation isn't enough to survive a motion to dismiss. *See cf., White v. City of Chi.*, 829 F.3d 837, 844 (7th Cir. 2016). Ms. Hires needed to plead factual content that allows the court to draw a reasonable inference that the City of Mishawaka maintained a policy, custom, or practice that deprived her of her constitutional rights. *See McCauley*, 671 F.3d at 616. Accordingly, Ms. Hires' *Monell* claim against the City of Mishawaka must be dismissed.

> D. *Ms. Hires' State Law Claims for False Arrest, False Imprisonment, Assault, Battery, Invasion of Privacy, and Malicious Prosecution.*

The remaining claims in Ms. Hires' complaint are state law tort claims for assault, battery, false arrest, false imprisonment, invasion of privacy, and malicious prosecution. Ms. Hires alleges this bevy of state law torts against Officers Lower and Baresel in both their individual and official capacities [ECF 6 ¶¶ 3, 23]. Ms. Hires alleges "the City of Mishawaka . . . employs . . . Officers Aaron Lower,

7

and Garrett Baresel" and that "[a]t all times relevant to [her] complaint [they] acted under color of state law" [ECF 6 ¶¶ 2,4].

These defendants argue they are immune in their individual capacities. Under Ind. Code § 34-13-3-5(b), governmental employees are immune from suit in their individual capacities for actions or omissions that occurred within the scope of their employment. Taking Ms. Hires allegations as true, Officers Lower and Baresel were acting within the scope of their employment as law enforcement at the time of Ms. Hires' arrest. Ms. Hires doesn't object, so these state law claims asserted against them in their individual capacities must be dismissed. That said, Ms. Hires has only stated state law claims for false arrest and false imprisonment against Officers Lower and Baresel in their official capacities. All remaining claims against these officers must be dismissed.

Indiana law provides "[a] defendant may be liable for false arrest when he or she arrests a plaintiff in the absence of probable cause." *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002). Ms. Hires' state law false arrest claim, as with its federal counterpart, turns on whether Officers Lower and Baresel had probable cause for Ms. Hires' arrest. Her factual allegations are sufficient to state a state law false arrest claim.

Ms. Hires next alleges false imprisonment under Indiana law. False imprisonment is "the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent." *Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003). When a false imprisonment claim stems from an alleged false arrest, the analysis of the false arrest claim applies equally to the false imprisonment claim and doesn't warrant a separate analysis. *Row v. Holt*, 864 N.E.2d 1011, 1016 n. 4 (Ind. 2007); *Donovan v. Hoosier Park, LLC*, 84 N.E.3d 1198, 1207 (Ind. Ct. App. 2017). Ms. Hires has sufficiently pleaded a state law false imprisonment claim.

Ms. Hires next alleges claims of assault and battery against these defendants under Indiana law. *See Raess v. Doescher*, 883 N.E.2d 790, 794 (Ind. 2008) ("[a]ssault is effectuated when one acts

8

intending to cause imminent apprehension of a harmful or offensive contact with another person"); *Mullins v. Parkview Hosp., Inc*, 865 N.E.2d 608, 610, (Ind. 2007) ("[a]n actor is subject to liability to another for battery if (a) he acts intending to cause harmful or offensive contact with the person of the other or third person, or an imminent apprehension of such contact, and (b) a harmful contact with the person of the other directly or indirectly results") (citation omitted). Ms. Hires' complaint is devoid of any factual allegations as to the nature of or apprehension of the harmful or offensive conduct and whether such offense was committed with the requisite intent. Conclusory allegations that force was used is not enough. *See McCauley*, 671 F.3d at 616-17. Ms. Hires hasn't stated a plausible claim for either assault or battery. These claims are dismissed.

Ms. Hires next alleges invasion of privacy under Indiana law. Under Indiana law, "[t]he tort of invasion of privacy includes four distinct injuries: 1) intrusion upon seclusion, 2) appropriation of likeness, 3) public disclosure of private facts, and 4) false-light publicity." *Carson v. Palombo*, 18 N.E.3d 1036, 1047 (Ind. Ct. App. 2014). Although Ms. Hires doesn't state which variant of the privacy tort she pursues, she presumably proceeds on a theory of intrusion upon seclusion. To establish an intrusion upon seclusion claim, Indiana law requires a plaintiff to show "an intrusion upon the plaintiff's physical solitude or seclusion as by invading [her] home or conducting an illegal search." *Allstate Ins. Co. v. Dana Corp.*, 759 N.E.2d 1049, 1057 (Ind. 2001). Ms. Hires has not alleged any facts showing an intrusion upon her home or an illegal search. Thus, this claim must be dismissed.

Ms. Hires' final claim is for malicious prosecution under Indiana law. To establish a successful malicious prosecution claim, Ms. Hires must prove that (1) the defendant instituted or caused to be instituted an action against the plaintiff, (2) the defendant acted maliciously in doing so, (3) the defendant had no probable cause to institute the action, and (4) the original action was terminated in the plaintiff's favor. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). "It is settled law that an action for malicious prosecution cannot be maintained until the prosecution complained of

has been legally terminated in favor of the defendant." *Stark v. Bindley*, 52 N.E. 804, 806 (Ind. 1899). Ms. Hires admits that she was never prosecuted, much less maliciously so, as no charges were brought against her [ECF 6 ¶ 12]. Thus, this claim must also be dismissed.

When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible. *See* Fed. R. Civ. P. 15(a); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir. 2008). Once a plaintiff has had one or more opportunities to cure the defects but fails, the court may dismiss claims with prejudice. *See Dittman v. ACS Human Servs. LLC*, 2017 U.S. Dist. LEXIS 29242, 14-15 (N.D. Ind. Mar. 1, 2017) (dismissing plaintiff's third amended complaint with prejudice when plaintiff failed to allege sufficient factual matter and it appeared he would never be able to do so). This is the first motion to dismiss and Ms. Hires' first complaint. Dismissal with prejudice is not warranted on this record, notwithstanding the lack of a response.

## CONCLUSION

Accordingly, the court GRANTS IN PART defendants' motion to dismiss [ECF 7] and motion to summarily rule [ECF 11] and DISMISSES WITHOUT PREJUDICE Ms. Hires' federal claims for excessive force and malicious prosecution, *Monell* claims, all state law claims against Officers Lower and Baresel in their individual capacities, and state law claims of assault, battery, invasion of privacy, and malicious prosecution against Officers Lower and Baresel in their official capacities. Ms. Hires' surviving claims include federal false arrest against Officers Lower and Baresel, and state law false arrest and false imprisonment against Officers Lower and Baresel in their official capacities.

SO ORDERED.

November 4, 2022     *s/ Damon R. Leichty*
                     Judge, United States District Court